IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JOHN T. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:11CV00014 |
| ) | |
| ANDREW H. HERRICK ) | |
| and ) | |
| ALBEMARLE COUNTY BOARD OF ) | |
| SOCIAL SERVICES/ALBEMARLE ) | |
| COUNTY DEPARTMENT OF SOCIAL ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF OPPOSITION TO**

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

COMES NOW your Defendant "Albemarle County Board of Social Services/Albemarle County Department of Social Services" (hereinafter "ACBSS/ACDSS"), by counsel, and in support of its Opposition to Plaintiff's Motion to Amend Complaint, to which Plaintiff filed no brief in support, submits the following argument and statement of authorities demonstrating that the proposed Second Amended Complaint should be denied since it is futile:

Under Rule 15, F.R.C.P., while the Court should generally freely grant leave to amend when justice so requires, "if the proposed change advances a claim that is legally insufficient on its face, the Court may deny leave to amend". *6 Charles Alan Wright, et al., Federal Practice and Procedure: Civil* §1487 (3 D.Ed. 1998. As this Court has previously held in *Proctor v. Green*, 208 U.S. Dist. LEXIS 57821 (W.D. Va. 2008), if a Complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile. See also *Perkins v. U.S.,* 55 F.3d 910, 917 (4th Cir. 1995).

ACBSS/ACDSS submits that this Court should deny the Motion for Leave to Amend since review of the proposed Second Amended Complaint demonstrates that the proposed amendments would be futile on the following three (3) grounds:

1. The Albemarle County Department of Social Services (hereinafter "ACDSS") is not a proper party defendant. ACDSS is a department of Albemarle County pursuant to §15.2-518, Va. Code Ann. (1950) as amended, since Albemarle County has adopted the county executive form of government under §15.2-500, Va. Code Ann. (1950) as amended, *et seq*. In *Wolf v. Fauquier County Board of Supervisors*, 555 F.3d 311, 321-322 (4th Cir.

2009), the Fourth Circuit held that counties, such as Albemarle County itself, are not proper party defendants since, "Under Virginia law, the supervision of local social services departments is entrusted to the Commissioner of Social Services and the State Board of Social Services". *Bockes v. Fields*, 999 F.2d 788, 789 (4th Cir. 1993). In *Proctor v. Green*, 208 U.S. Dist. LEXIS 57821 (W.D. Va. 2008), this Court noted that the ACDSS is actually a local agency of the Virginia Department of Social Services (hereinafter "VDSS").

2. The proposed Second Amended Complaint fails to state a claim of a violation of either a Fourteenth Amendment substantive due process liberty interest violation (Count I) or a Fourteenth Amendment procedural due process violation (Count II) against any defendant named in the proposed Second Amended Complaint, including the Albemarle County Board of Social Services and the Albemarle County Department of Social Services. Unlike the proposed amended complaints reviewed by this Court in *Proctor v. Green*, 208 U.S. Dist. LEXIS 57821 (W.D. Va. 2008), the proposed amended complaint alleges no additional facts with respect to the substantive due process or procedural due process claims. The proposed Second Amended Complaint still fails to state a claim of either a Fourteenth Amendment substantive due process liberty interest violation or a Fourteenth Amendment procedural due process violation. For the reasons previously argued by improperly named defendant ACBSS/ACDSS in Documents #15, 16, & 24 and by Co-Defendant Andrew H. Herrick in Documents #13, 14, & 25, which were also adopted by ACBSS/ACDSS and, further, for the reasons argued at the Motion(s) to Dismiss hearing on September 29, 2011 by them, the proposed complaint states no claim.

3. Nelson's Count I Fourteenth Amendment substantive due process liberty interest and Count II Fourteenth Amendment procedural due process claims in the proposed Second Amended Complaint against the Albemarle County Board of Social Services and against the Albemarle County Department of Social Services are both barred by the applicable two (2) year statute of limitations since any such claims accrued more than two (2) years prior to Nelson's filing of a Complaint on February 18, 2011. In Nelson's original Complaint filed February 18, 2011, he named Andrew H. Herrick and the Albemarle County Department of Social Services as the only defendants. He did not name the

Albemarle County Board of Social Services as a defendant and made no reference that entity in the Complaint. At the time Nelson filed his original Complaint, his counsel's firm being counsel of record in *Wolf v. Fauquier County Board of Supervisors*, 555 F.3d 311, 321-322 (4th Cir. 2009), knew of the existence and separate identity of the Albemarle County Board of Social Services; and, therefore, his failure to name the Albemarle County Board of Social Services in the original or pending Amended Complaint was not a mistake. Therefore, under Rule 15, F.R.C.P., his belated attempt to name the Albemarle County Board of Social Services as a separate defendant does not relate back to his original filing on February 18, 2011. In any event, any Fourteenth Amendment claim by Nelson under §1983 that accrued prior to February 18, 2009 is barred by Virginia's applicable two (2) year statute of limitations [§8.01-243 (A), Va. Code Ann. (1950) as amended] applicable to §1983 claims. *Wilson v. Garcia,* 471 U.S. 261, 280 (1985). Nelson's Fourteenth Amendment substantive due process liberty interest and Fourteenth Amendment procedural due process claims, under the theory he assets in his proposed Second Amended Complaint, accrued, according to the allegations in his own complaint, years prior to February 18, 2009; and, therefore, for the reasons this Court previously held in *Proctor v. Green*, 208 U.S. Dist. LEXIS 57821 (W.D. Va. 2008), his claims are barred by the statute of limitations. Based on this Court's rationale in *Proctor*, as well as for the reasons previously argued by improperly named ACBSS/ACDSS in Documents #15, 16 & 24 and by Co-Defendant Andrew H. Herrick in Documents #13, 14, & 25, which were adopted by ACBSS/ACDSS, and for the reasons argued at the Motion(s) to Dismiss on September 29, 2011 by them, any Fourteenth Amendment claims of substantive due process liberty interest or procedural due process violations are barred by the statute of limitations.

WHEREFORE, your improperly named defendant "Albemarle County Board of Social Services/Albemarle County Department of Social Services", by counsel, moves the Court to deny Nelson's Motion for Leave to Amend and requests that the Court grant its previously filed Motion to Dismiss it as an improperly named defendant and, further, to dismiss all claims for failure to state a substantive due process liberty interest violation under the Fourteenth Amendment or a procedural due process violation claim under the Fourteenth Amendment and to

dismiss all such claims on the grounds that any such claims are barred by the statute of limitations.

ALBEMARLE COUNTY BOARD OF SOCIALSERVICES/
ALBEMARLE COUNTY DEPARTMENT OF SOCIAL SERVICES,
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street, P O Box 1567
Charlottesville, VA 22902
Phone: 434-977-0191
Fax:    434-977-0198
rmilnor@zmcilaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October, 2011, I electronically filed the foregoing Brief in Support of Opposition to Plaintiff's Motion to Amend Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas M. Wolf, Esquire
LeClairRyan, a Professional Corporation
951 East Byrd Street, 8th Floor
Richmond, VA 23219

H. Robert Yates, III, Esquire
Lee E. Goodman, Esquire
Gretchen A. Jackson, Esquire
LeClairRyan, a Professional Corporation
123 East Main Street, 8th Floor
Charlottesville, VA 22903

David P. Corrigan, Esquire
Jeremy D. Capps, Esquire
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, Virginia 23255

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street, P O Box 1567
Charlottesville, VA 22902
Phone: 434-977-0191  Fax:    434-977-0198
rmilnor@zmcilaw.com